Rev. 10/09

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

IN RE: **Michael John Turner**　　　　　　　　　　　　　　　　Case No. **10-12651**
　　　　**Ada Turner**
　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　Chapter 13 Proceeding

# DEBTOR(S)' CHAPTER 13 PLAN　　☑ **AMENDED**
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

---

## Plan Summary

**A.** The Debtor's Plan Payment is scheduled at __**Variable Payments**__　☐ Pay Order, ☑ Direct Pay for __**60 months**__. The gross amount to be paid into the plan is __**$62,288.00**__.

**B.** The Plan proposes to pay all allowed priority, special class and secured claims and approximately __**30%**__ of the unsecured allowed claims. THIS PLAN DOES NOT ALLOW CLAIMS. You must file a proof of claim to receive distributions under any plan. Other than adequate protection payments, disbursements will begin after entry of an order of confirmation of the plan.

**C.** Value of non-exempt assets __**$26,439.84**__.

**D.** Current monthly income __**$5,608.36**__, - expenses __**$4,573.36**__ = available for Plan __**$1,035.00**__.

**E.** The total amount to be paid into the Plan shall be increased for tax refunds as set forth in the Standing Order for Chapter 13 Case Administration in this Division. These additional receipts shall be disbursed according to the provisions of the Plan. IRS or Debtor(s) are directed to forward refund to the Trustee.

## Special Plan Provisions

**Ratification of Security Agreements**
Except as otherwise provided herein, secured creditors' security agreements are ratified and remedies upon default may be exercised upon the granting of an order conditioning the stay.

**Authorization for Sale of Exempt Property**
Exempt property may be sold by the Debtor at any time after confirmation without further order of this Court. All valid liens, claims, or encumbrances shall attach the proceeds of such sale. Proceeds from the sale of exempt property may be paid directly to the Debtor.

**Debtor's Direct Communications With Creditors**
Creditors whose claims are scheduled to be paid directly by the debtor, including creditors with claims secured by real property and vehicles, are authorized to send monthly statements to the debtors.

Creditors whose claims are scheduled to be paid directly by the debtor are authorized to communicate directly with the debtor if the debtor has questions about their monthly payments, escrow accounts, account balances, increases in monthly payments, or other routine customer service inquiries.

**Attorneys Fee Disbursement**
To the extent funds are available for distribution the Attorney's fees will be paid in the following manner: $1000.00 for the first disbursement following confirmation, and then $250.00 per month thereafter.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Michael John Turner**      Case No. **10-12651**
      **Ada Turner**
           Debtor(s)      Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN    ☑ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 1*

---

**Ratification of Interim Disbursements**
Interim disbursements made to secured creditors whose claims are secured by collateral being surrendered under this plan are hereby ratified. Interim disbursements constitute adequated protection payments required to be made under this plan and shall be credited against the secured claim. Absent further order of the court, secured creditors who have received interim disbursements from the Trustee shall not be required to refund the money received and the Trustee shall not be required to and is not authorized to make demand for reimbursement of interim disbursements made prior to confirmation.

### Plan Provisions

### I. Vesting of Estate Property

Upon confirmation of the plan, all property of the estate shall vest in the Debtor(s), and shall not remain as property of the estate subject to the automatic stay of 11 U.S.C. §362.

### II. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to assume the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Fred Walker P.C. | Attorney Client Agreement | Assumed | No |
| H-H | Boat Storage | Assumed | No |

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to reject the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| **(None)** | | | |

### III. Specific Treatment for Payment of Allowed Claims

**1. DIRECT PAYMENTS BY DEBTOR TO CREDITORS; SURRENDER OF COLLATERAL**

    A. Debtor shall pay the following creditors directly:

| Creditor Name | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|
| H-H | | | $95.00 |

    B. Debtor shall surrender the following collateral:

| Creditor Name / Collateral Surrendered | In Full Satisfaction (Yes/No) | Debt Amount |
|---|---|---|
| | | |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Michael John Turner**  Case No. **10-12651**
**Ada Turner**
Debtor(s)  Chapter 13 Proceeding

# DEBTOR(S)' CHAPTER 13 PLAN  ☒ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 2*

---

C. Creditor's Direct Communication With Debtors

Creditors whose claims are scheduled to be paid directly by the debtor(s), including creditors with claims secured by real property or vehicles, are authorized to send monthly statements to the debtor(s). They are also authorized to communicate directly with the debtor(s) in response to a debtor's questions about monthly payments, escrow accounts, account balances, increases in monthly payments, and other routine customer service inquiries.

## 2. PAYMENTS BY TRUSTEE

A. Administrative Expenses (including Attorney's fees)
*The Trustee may receive up to 10% of all sums disbursed, except on any funds returned to the debtor.*

| Creditor | Estimated Amount of Debt | Monthly Payment Amount | |
|---|---|---|---|
| Fred E. Walker, P.C. | $2,000.00 | Month(s) 1-36 | Pro-Rata |

B. Ongoing Mortgage Payments

The Trustee shall pay all post-petition monthly mortgage payments on claims against real property that were delinquent on the petition date ("Ongoing Mortgage Payments"). The Ongoing Mortgage Payments will be in the amount stated in the allowed proof of claim or as fixed by Court order. If the debtor makes a Plan payment that is insufficient for the Trustee to disburse all Ongoing Mortgage Payments required below, such payments will be disbursed in the order listed below. The Trustee shall hold debtor payments until a sufficient amount is received to make a full Ongoing Mortgage Payment. The debtor shall provide to the Trustee all notices received from Mortgage Creditors including statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit Mortgage Creditors to issue such notices. Changes to the monthly Ongoing Mortgage Payment or the addition of post-petition mortgage fees and charges shall be effectuated pursuant to the *Standing Order Relating to Ongoing Mortgage Payments in Chapter 13 Cases in the Austin Division.*

| Mortgage Creditor / Property Address | Monthly Mortgage Payment (proof of claim controls) | Monthly Late Charge | Interest Rate | Payment Due Date | Paid by Trustee OR Paid Direct by Debtor (select one) |
|---|---|---|---|---|---|
| American General Finanance 170 Lost Cove Drive, Spicewood, TX 78669 | $1,709.00 | | 10.72% | | Direct |

C. Secured Claims - Mortgage Arrearage, Real Property

The Plan will cure pre-petition arrearage claims pursuant to the payment schedule set forth below. The allowed arrearage claim will be the amount of the allowed proof of claim or as fixed by court order.

| Creditor / Property Address / Description of Collateral | Estimated Claim | Mo. Pmt or Method of Disbursement | Interest Rate (if applicable) | Other Remarks |
|---|---|---|---|---|

Rev. 10/09

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Michael John Turner**  Case No. **10-12651**
**Ada Turner**
Debtor(s)  Chapter 13 Proceeding

# DEBTOR(S)' CHAPTER 13 PLAN  ☒ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 3*

D. Secured Claims - Personal Property; Adequate Protection Payments; MOTIONS TO VALUE COLLATERAL

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the full amount of the claim, as specified below, plus interest thereon at the rate specified in this Plan. FAILURE OF THE SECURED CREDITOR TO OBJECT TO THE PROPOSED VALUE WILL BE DEEMED ACCEPTANCE OF THE PLAN UNDER SECTION 1325(a)(5)(A). Except for secured claims for which provision is made to pay the full amount of the claim notwithstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section III(2)(F).

In the first disbursement following the filing of a claim by a creditor holding an allowed claim secured by personal property, the Trustee shall commence making adequate protection payments in the amount set out below, unless otherwise ordered by the Court. Such payments shall cease upon confirmation of the plan.

| Creditor/Collateral | Adequate Protection Payment | Other Treatment/Remarks |
|---|---|---|
| Hsbc / Furniture Row<br>Dresser, couch, two chairs | $35.00 | |
| Hsbc Best Buy<br>Television, digital camera | $12.50 | |
| Security State Bank<br>2002 Dodge Ram Truck | $32.92 | |
| United Heritage Cu<br>2007 Dodge Ram Truck | $234.38 | |

The Debtor moves to value collateral described below in the amounts indicated. The Debtor(s) declares, under penalty of perjury, that the foregoing values as stated in the above Motion and the Plan for the secured debt are true and correct and to the best of their knowledge represent the replacement value, pursuant to Section 506(a)(2), of the assets held for collateral.

**/s/ Michael John Turner**  **/s/ Ada Turner**
Michael John Turner, Debtor  Ada Turner, Joint Debtor

Objections to Valuation of collateral proposed by this plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. Following confirmation of the plan, monthly payments shall be made as follows:

| Creditor /<br>Collateral | Est. Claim | Value of<br>Collateral | Monthly<br>Payment | Interest<br>Rate | Pay Value of Collateral<br>(OR) Pay Full Amount<br>of Claim<br>(select one) |
|---|---|---|---|---|---|
| Hsbc / Furniture Row<br>Dresser, couch, two chairs | $7,303.00 | $3,500.00 | Pro-Rata | 5.25% | Pay Value of Collateral |
| Hsbc Best Buy<br>Television, digital camera | $2,272.09 | $1,250.00 | Pro-Rata | 5.25% | Pay Value of Collateral |
| Security State Bank<br>2002 Dodge Ram Truck | $4,113.00 | $2,634.00 | Pro-Rata | 5.25% | Pay Value of Collateral |
| United Heritage Cu<br>2007 Dodge Ram Truck | $26,551.76 | $18,750.00 | Pro-Rata | 5.25% | Pay Value of Collateral |

IN RE: **Michael John Turner**      Case No. **10-12651**
        **Ada Turner**
            Debtor(s)      Chapter 13 Proceeding

# DEBTOR(S)' CHAPTER 13 PLAN    ☑ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 4*

---

Secured creditors shall retain their liens on the collateral which is security for their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law, or discharge under 11 U.S.C. Section 1328. In addition, if this case is dismissed or converted without completion of the plan, such liens shall also be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

E. Priority Creditors

| Creditor | Estimated Amount of Debt | Payment Method 1. Before 2. After 3. Along With Secured Creditors | Remarks |
|---|---|---|---|
| Internal Revenue Service | $3,327.50 | Along With | |

F. General Unsecured Creditors, [including claims from rejection of contracts, leases and contracts for deed]. Unless otherwise provided below, payments to creditors with allowed general unsecured claims shall be made on a pro rata basis as funds become available after payment of other creditors. It is estimated that distribution to the general unsecured creditors will commence in the **36th** month of the Plan.

G. Cure claims on Assumed Executory Contracts, Contracts for Deed & Leases:

| Creditor | Estimated Amount of Debt | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

**Totals:**

| | |
|---|---|
| Administrative Claims | **$2,000.00** |
| Arrearage Claims | **$0.00** |
| Secured Claims | **$26,134.00** |
| Priority Claims | **$3,327.50** |
| Unsecured Claims | **$75,325.33** |
| Cure Claims | **$0.00** |

H. Supplemental Plan Provisions

(a) MOTION TO AVOID LIENS UNDER 11 U.S.C. § 522(f)

Debtor moves to avoid the following liens that impair exemptions. Objections to Lien Avoidance as proposed in this plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. (Debtor must list the specific exempt property said lien impairs and the basis of the lien, i.e. judicial, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
| Kwik Cash Television | $934.55 | |
| Service Loans Television | $628.00 | |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| IN RE: **Michael John Turner** | Case No. **10-12651** |
| **Ada Turner** | |
| Debtor(s) | Chapter 13 Proceeding |

## DEBTOR(S)' CHAPTER 13 PLAN      ☑ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 5*

### IV. General Information

> **NOTICE:** **Local Rule 3002 provides, in part:**
>
> *"Every Creditor filing a Proof of Claim in all cases shall transmit a copy with attachments, if any, to the Debtor's Attorney (or the Debtor if the Debtor is pro se) and the Trustee appointed in the case."*

Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. The deadline for the filing of objections to confirmation is ten days prior to the confirmation hearing.

Respectfully submitted this date: __**11/03/2010**_____.

| | |
|---|---|
| **/s/ Michael John Turner** | **/s/ Ada Turner** |
| Michael John Turner | Ada Turner |
| 170 Lost Cove Drive | 170 Lost Cove Drive |
| Spicewood, TX 78669 | Spicewood, TX 78669 |
| (Debtor) | (Joint Debtor) |

**/s/ Kimberly L. Nash**
Kimberly L. Nash
609 Castle Ridge Road
Suite 220
Austin, TX 78746
Phone: (512) 330-9977 / Fax: (512) 330-1686
(Attorney for Debtor)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Michael John Turner**      CASE NO **10-12651**
      **Ada Turner**
      *Debtor(s)*      CHAPTER **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

**PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)**

| Month | Payment | Month | Payment | Month | Payment |
|---|---|---|---|---|---|
| 1 | $1,223.00 | 21 | $1,035.00 | 41 | $1,035.00 |
| 2 | $1,035.00 | 22 | $1,035.00 | 42 | $1,035.00 |
| 3 | $1,035.00 | 23 | $1,035.00 | 43 | $1,035.00 |
| 4 | $1,035.00 | 24 | $1,035.00 | 44 | $1,035.00 |
| 5 | $1,035.00 | 25 | $1,035.00 | 45 | $1,035.00 |
| 6 | $1,035.00 | 26 | $1,035.00 | 46 | $1,035.00 |
| 7 | $1,035.00 | 27 | $1,035.00 | 47 | $1,035.00 |
| 8 | $1,035.00 | 28 | $1,035.00 | 48 | $1,035.00 |
| 9 | $1,035.00 | 29 | $1,035.00 | 49 | $1,035.00 |
| 10 | $1,035.00 | 30 | $1,035.00 | 50 | $1,035.00 |
| 11 | $1,035.00 | 31 | $1,035.00 | 51 | $1,035.00 |
| 12 | $1,035.00 | 32 | $1,035.00 | 52 | $1,035.00 |
| 13 | $1,035.00 | 33 | $1,035.00 | 53 | $1,035.00 |
| 14 | $1,035.00 | 34 | $1,035.00 | 54 | $1,035.00 |
| 15 | $1,035.00 | 35 | $1,035.00 | 55 | $1,035.00 |
| 16 | $1,035.00 | 36 | $1,035.00 | 56 | $1,035.00 |
| 17 | $1,035.00 | 37 | $1,035.00 | 57 | $1,035.00 |
| 18 | $1,035.00 | 38 | $1,035.00 | 58 | $1,035.00 |
| 19 | $1,035.00 | 39 | $1,035.00 | 59 | $1,035.00 |
| 20 | $1,035.00 | 40 | $1,035.00 | 60 | $1,035.00 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Michael John Turner**     CASE NO. **10-12651**
*Debtor*

**Ada Turner**     CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

   I, the undersigned, hereby certify that on November 3, 2010, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Kimberly L. Nash**
Kimberly L. Nash
Bar ID:24043840
Fred E. Walker, P.C.
609 Castle Ridge Road
Suite 220
Austin, TX 78746
(512) 330-9977

---

5 Star Bnk
xxxxxxxx0030
Po Box 35430
Colorado Springs, CO 80935

Bank Of America
xxxxxxxxxx7799
PO Box 26012 NC4-105-03-14
Greensboro, NC 27420

Bank Of America
3672
Attn: Bankruptcy NC4-105-03-14
PO Box 26012
Greensboro, NC 27410

Albert Turner
38327 W. Mountain View Rd
Tonopah, AZ 85354

Bank Of America
xxxxxxxxxxx9240
FIA Card Services, N.A.
1000 Somoset Drive
DE5*-023-03-03

Bank Of America
Attn: Bankruptcy NC4-105-03-14
PO Box 26012
Greensboro, NC 27410

American Express
xxxx xxxxxx x1006
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355

Bank Of America
c/o FIA Card Servies
Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Becky Cantu
3159 Nye Peterson Road
Robstown, Texas 78380

American General Finanance
xxxxxxxxxxx8011
8440 Burnett Rd, Ste. 116
Austin, TX 78757

Bank Of America
xxxxxxxxxxx7841
1000 Somoset Drive
DE5-023-03-03
Newark, DE 19713

Capital One
xxxxxxxx0100
C/O American Infosource
PO Box 54529
Oklahoma City, OK 73154

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Michael John Turner**  CASE NO. **10-12651**
*Debtor*

**Ada Turner**  CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| Centralized Insolvency Operations<br>PO Box 21126<br>Philadelphia, PA  19114 | Gemb / Walmart<br>xxxxxxxx8463<br>Po Box 981400<br>El Paso, TX 79998 | Randolph Brook FCU<br>xxxxxxxxxxxx1766<br>P O Box 2097<br>Universal City, TX 78148 |
| Chase<br>xxxxxxxxxxxx6514<br>P.o. Box 15298<br>Wilmington, DE 19850 | H-H<br>P.O. Box 40<br>Spicewood Texas 78669 | Randolph Brook FCU<br>xxxxxxxxxxxx7819<br>P O Box 2097<br>Universal City, TX 78148 |
| Chase / Pier 1<br>xxxxxxxx4272<br>Attn: Recovery<br>PO Box 15298<br>Wilmington, DE 19850 | Hsbc / Furniture Row<br>xxxxxxxxxxx1267<br>P O Box 703<br>Wood Dale, IL 60191 | Randolph Brook FCU<br>xxxxxxxxxx0908<br>PO Box 2097<br>Universal City, TX 78148 |
| Consumer Credit Counseling Service<br>xxx-xx-8414<br>8737 King George Drive<br>Dallas, TX 75235 | Hsbc Best Buy<br>xxxxxxxxxxxx5534<br>c/o Bass & Associates, P.C.<br>3936 E. Ft. Lowell, Suite 200<br>Tucson, AZ 85712 | Sams Club<br>xxxxxxxxxxxx1414<br>Attention:  Bankruptcy Department<br>PO Box 105968<br>Atlanta, GA 30353 |
| Deborah B. Langehennig<br>Chapter 13 Trustee<br>3801 Capital of TX Hwy. So. Ste. 320<br>Austin, TX 78704 | Internal Revenue Service<br>xxx-xx-8414<br>PO Box 21126<br>Philadelphia, PA 19114 | Security State Bank<br>xxxxiple<br>201 W Main St<br>Fredericksburg, TX 78624 |
| GEMB / Discount Tire<br>xxxxxxxxxxxx4467<br>Attention:  Bankruptcy<br>PO Box 103106<br>Roswell, GA 30076 | Kwik Cash<br>xxx-xx-8414<br>3851 Airport Blvd., Ste. 104A<br>Austin, TX 78722 | Security State Bank<br>xxxxxxxx4318<br>201 W Main St<br>Fredericksburg, TX 78624 |
| Gemb / PayPal<br>xxxxxxxxxxxx6933<br>Attention: Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076 | Michael John Turner<br>PO Box 504<br>Spicewood, TX 78669 | Service Loans<br>xxx5155<br>3851 Airport Blvd, Ste 111<br>Austin, TX 78722 |

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

IN RE: **Michael John Turner**  CASE NO. **10-12651**
*Debtor*

**Ada Turner**  CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

SOCIAL SECURITY
104 PARKVIEW DR
GEORGETOWN, TX 78626


U.S. Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216


United Heritage Cu
xxxxxx0001
c/o Kris Lopez
PO Box 1648
Austin, TX 78767-1648

United Heritage CU
xxxxxx0000
12208 N Mopac Expressway
Austin, TX 78758


Velocity Credit Union
xxxxxx0302
610 E 11th St
Austin, TX 78701